IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
MAR 25 2019
Clerk, U.S. District Court
Texas Eastern

AARON L.TURNER SR.                    CIVIL ACT NO.
                                       4:19cv 226
V.

THE CITY OF LEWISVILLE TEXAS,    JURY TRIAL DEMANDED
ANTHONY CRISWELL

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes AARON L.TURNER SR. The plaintiff complaining of the defendants, The City of Lewisville, Texas more particularly The city of Lewisville police Department, and Officer Anthony Criswell in his individual capacity. In support thereof, the plaintiff would show this honorable court the following;

## INTRODUCTION/NATURE OF COMPLAINT

1. Plaintiff Aaron L. Turner Sr. was wrongfully Arrested and charged with aggravated assault with a deadly weapon. Stemming from an incident that occurred at a local CVS pharmacy located at 1099 W main st. Lewisville, Texas 75067 for exhibiting a knife in self defense.
2. The Plaintiff was apprehended across the street at a Dollar general. He was then handcuffed and detained, after his personal property was removed from his person including The mentioned pocket knife.

3. Both officer's on the scene Officer Bender and officer Stebbins informed the Plaintiff he was not under arrest but detained because of the call they received he was then searched and seated in the back of officer Bender's Squad car.
4. The plaintiff immediately confirmed his identity which was verified by birth certificate, bills, among other documents also confiscated from his person. He explained to the officers that he left work early that day to get a Texas state I.D. He was told needed additional documents but his phone was dead and he planned to uber home to retrieve said documents.
5. He explained to the police that entered the mentioned CVS to purchase a portable power bank phone charger. The mentioned charger was secured on a locked peg device to which a cashier removed it for him and brought to the counter for purchase.
6. He asked the mentioned cashier to read the items' package to see if it was compatible with his phone he was told he could not ***by another cashier that's when he encountered the alledged*** victim of the Assault Anjelica Soto Hereinafter referred to as Ms. Soto.
7. An argument ensued which escalated as the Plaintiff continued to calmly ask to purchase the said power bank Ms. Soto continued to cuss at him and yell at the plaintiff and tell him if he didn't like he could "get the fuck out of the store." The plaintiff continued to pursue purchasing the power bank and asking to read it.
8. Ms. Soto responded to the plaintiff by slamming the power bank in his hand and yelling "well fuckin buy it then!" The plaintiff, angry at the poor treatment he was receiving from Ms. Soto, Set the Package back down on the counter and asked Ms. Soto why she was treating him like this and told her she was "tripping".
9. Ms. Soto continued to curse at the Plaintiff and him told over and over to "get the fuck out the store."The Plaintiff then gathered his things and began leaving. The Plaintiff called Ms. Soto a "fat Bitch" on his way out of the door. Ms. Soto responded by saying "Oh yeah you wanna say it to my face so I can come around the

counter and bust your shit!" She proceeded to come from behind the service desk to make good on her threat to punch the Plaintiff.

10. At that point, The Plaintiff explained to officers he was close enough to the automatic doors that they were open when he heard Soto behind him The Plaintiff then turned around and exhibited his pocket knife and told Ms. Soto to back away She did not come any closer and the Plaintiff turned and left the store.

11. The Plaintiff walked through the CVS parking, jogged across the intersection, and walked into the mentioned Dollar General and bought a charger, and was allowed by the clerk to charge his phone when the Police entered the store.

## THE ARREST

12. The Plaintiff profusely exclaimed that he only exhibited a knife to ward off Ms. Soto's unlawful use of force because he felt that he would be attacked. Officer Stebbins assured the Plaintiff that if everything he said was the truth he would be at most, ticketed for disorderly conduct or they would reprimand Ms. Soto on her conduct ending in the Plaintiff being free from arrest.

13. After approx. 45 minutes the Plaintiff was transported back to the CVS in the back of officer bender's squad car after a short time the door was opened and The Plaintiff was told then to step out the car. His handcuffs were then double locked, and He was reseated and transported to the Lewisville city jail Charged Aggravated assault with a deadly weapon On March 9 2018.

14. Probable Cause was established on march 10 2018 by a magistrate and bail set at 50,000 dollars. The Plaintiff was transported to Denton county Jail March 11 where he resided 7 months awaiting trial.

## POLICE MISCONDUCT/INVESTIGATION

15. The facts set forth by the Plaintiff is a summary of the investigation of the mentioned incident that took place as the Plaintiff was detained by the police. The said investigation was completed by Officer Anthony Criswell badge number 799.Hereinafter referred to as defendant Criswell.
16. The investigation was captured on Defendant Criswell's body camera from start to finish. The Plaintiff is in possession of it and used it in the subsequent trial that took place on 10/1/2018.
17. Defendant Criswell entered the CVS lobby area he encountered Ms. Soto and a witness by the name of Kristen Monson. She had her young daughter with her and made the 911 call. She was standing next to the Plaintiff and the defendant being helped by the cashier who initially freed the charger from the secure locked peg when the incident took place.
18. Monson began to explain to defendant Criswell the size of the knife and what she saw. A third witness by the name of Sara Wink also explained her version as having walked up at the end of the confrontation. Ms. Soto began to give a different version of the incident eliminating the part where she threatened the Plaintiff, Ms. Soto portrayed herself as leaving the service counter to follow him with her phone to make sure The Plaintiff left the store or she would call Police.
19. He eventually asks Ms Soto if she wants to press charges and she agrees. He then asks the other mentioned witnesses to make hand written statements and returns to his car to retrieve the statement forms. He comes back inside the CVS and proceeds to hand the forms to the witnesses then heads to the back of the store with Ms. Soto to view video in the office.

20. He eventually leaves Ms. Soto to write her statement to see what was going on across the street but before going back to his squad car he encountered Monson again they spoke briefly about how she picked up her daughter and walked in another direction when she heard something about a knife. He eventually walks back up to the front of the store where he encountered the cashier who initially made contact with the plaintiff.
21. The mentioned cashier was briefly questioned by defendant Criswell and gave a slightly different perspective of the incident he spoke with him for a short period of time and headed back out to his squad car to talk to arresting officer Bender via cell phone. He was made aware of the Plaintiff's version of events to which he adamantly disbelieved. Defendant Criswell began to discuss the nature of the charge concluding himself that Aggravated Assault part of it was a little weak because the victim knew she wouldn't be stabbed.
22. The charge was being talked about as disorderly conduct as they tried to figure out what charge The Alleged conduct would prescribe. He eventually re enters the store, heads to the back office again, and that's when he encounters another CVS employee by the name of Jamie Elluscus. Elluscus was walking up at the end of the altercation as the plaintiff was putting the mentioned knife away.
23. They even made jokes about Ms. Soto scaring the plaintiff and him admitting to pulling out the knife. he walked out of the office right past the first cashier who was standing outside the office as he collected Monson's statement. Monson's statement detailed the threat that the Plaintiff explained to Police over and over. He even took a few minutes to read what she wrote he testified at the mentioned Trial to being aware of the threat.
24. Defendant Criswell failed to mention it to the arresting officers nor "the Office" as he called it while explaining the circumstances over the phone he even embellished at different

intervals while he painted a botched version of the facts. The entire time he had Monson's statement in his hand as he withheld exculpatory information that was indeed very crucial to the Plaintiff's Liberty. Defendant Criswell was approached by officer Stebbins and was questioned directly as to whether or not any of the customers heard Ms. Soto ever say anything threatening or use Profanity. To which he answered "No that was not mentioned to me."

25. He failed to collect a statement from the cashier who as stated above initially made contact with the plaintiff and retrieved the Item for him. He was right next to Ms Soto helping Monson and saw, and heard everything. Towards the end of his investigation he took the statement of the other witness Jamie Elluscus but it never made it with rest of the witness statements he filed.

26. Despite being aware of the threat Defendant Criswell chose to withhold the said information to justify a charge that the circumstances did not merit resulting in the Plaintiff being Arrested and subjected to the legal process unjustly.

## Affidavit for Arrest

27. Defendant Criswell went forward and filed an arrest warrant affidavit for the continued detention of the Plaintiff. Probable cause was established on 3/10/2018 by a magistrate.

28. The mentioned affidavit wrote by defendant Criswell contained material omissions of fact and critical misstatements of the truth. He made no mention of the other CVS employees he potrayed the plaintiff as walking up to the counter with the mentioned power bank, then becoming angry because he wasn't allowed to open it and refused to leave the store.

29. He omits the said portion of Monson's statement detailing what Ms. Soto said to the plaintiff before confronting him. He includes the Plaintiff admission to exhibiting the knife and the reason why, but fails to include that a reliable witness confirmed his statement to be the truth.
30. Therefore making the plaintiff's statements on it's face, without all facts included appear to be untrue to the magistrate therefore establishing probable cause in a way that violates the Plaintiff's constitutional rights.
31. Defendant Criswell manipulated and misrepresented the said facts Knowingly, intentionally, and with reckless disregard for the truth causing the Plaintiff harm and severe distress.

## TRIAL/EXONERATION

32. The Plaintiffs trial began on oct 1 2018 it was three days ending on oct. 3 2018 during trial Defendant Criswell took the stand the plaintiff questioned him as to whether or not Ms. Soto used any cuss words or threatening words towards him by which he replied he was aware. When asked why he never mentioned it he said it wasn't relevant to his investigation.
33. The Plaintiff filed a motion for funds to hire an investigator and he tracked down the first cashier who initially made contact with the plaintiff. His name is Stephen Chavas he testified and he explained the mentioned incident almost identical to the way the Plaintiff stated to police that day on march 9th.
34. He also testified about Ms. Soto's poor customer service skills and how she has been removed from different departments in the store because of it .After 3 days of testimony arguments both sides rested and the Jury returned a verdict of Not Guilty for the charge of Aggravated Assault with a deadly weapon.

35. Although the Plaintiff has regained his freedom, it has come at a damaging cost. The Plaintiff spent 7 months in the Denton County jail for a serious charge, and was the direct results of Defendant Criswell's actions.
36. The Plaintiff was facing 25 to 99 years in Texas state prison. During his wrongful incarceration the Plaintiff was deprived of his life and witnessed himself lose everything piece by piece the circumstances almost always kept him in a mind frame of utter despair and high stress levels.
37. Plaintiff has suffered tremendous damage mentally and financially. The Plaintiff lost custody of his sons as a result of being incarcerated for the mentioned charge. The Plaintiff was unable to show up to a divorce hearing in which the petitioner requested full legal/full physical custody of his 2 sons Aaron jr. and Noah ages 1 and 2.

## PARTIES

38. Aaron L. Turner is a 29 year old former resident of Texas. At all times relevant the plaintiff was a resident of Lewisville, Texas residing at the wellington Park apartments 2479 Deer Run, Lewisville, Texas 75067. At the time of the mentioned incident the Plaintiff was 28 years of age.
39. At all times relevant Defendant Criswell was a officer for the Lewisville Police department, and was acting within the scope of his employment and under color of law. Defendant Criswell is sued in his official capacity.
40. The City Of Lewisville is the suable entity because the police is the vehicle in which the city uses to do it's policing

## JURISDICTION AND VENUE

41. This action is brought pursuant to 42 U.S.C 1983 To redress the deprivation under color of law of plaintiffs rights as secured by the United States Constitution
42. This court has jurisdiction of the federal claims pursuant to 28 U.S.C 1331 and state law claims pursuant to 1367. Venue is proper under U.S.C 1391 (b) all parties during the times relevant resided in Denton County In the Sherman District

## Count 1: VIOLATION OF DUE PROCESS

43. Each of the paragraphs of this complaint is incorporated as fully stated herein. As described more fully above, Defendant Criswell while acting under color of law, and within the scope of his employment, deprived the plaintiff of his fourth, and fourteenth rights to the United States Constitution.
44. Defendant Criswell, as described more fully above, knowingly manipulated the facts of the incident while purposefully withholding material exculpatory evidence which if not for the diligence of the plaintiff the Mentioned omitted facts would've never seen the light of day at trial therefore violating his due process.
45. The conduct of defendant Criswell was the driving force behind the plaintiff's arrest. Therefore subjecting him to incarceration and the agony of going through the legal process unjustly. In danger of serving 25 to 99 years to life In Texas State Prison.
46. Defendant Criswell Purposely withheld crucial exculpatory evidence from the arresting officers and his superior Knowingly, Intentionally and with reckless disregard for the truth. Defendant Criswell exhibited a conscious disregard for the rights of other persons that has a great risk of causing substantial harm to others After the plaintiff.

## Count 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Each of the paragraphs of this complaint is incorporated as fully stated herein. As described more fully above and in count 1 defendant Criswell while acting under color of law and within the scope of his employment manipulated the mentioned facts Knowingly, intentionally, and reckless disregard for the truth. That he knew and should've known that the likely result of his conduct would cause emotional distress.
48. Defendant's actions were the cause of the plaintiff's distress. As stated in count 1 and more fully above the plaintiff lost everything as result of having to unjustly spend 7 months in the Denton County. Absent this misconduct the Case could not and would have not been pursued.
49. As previously stated as a result of Defendant Criswell's behavior, the Plaintiff has suffered tremendous loss. Lost custody to his children, and is in thousands of dollars in child support debt because of inability to pay due to the circumstances caused by the defendant's action's (the plaintiff was not behind child support before he was arrested)
50. The Plaintiff lost his home, his job, and suffered severe financial loss. The Plaintiff was forced to go to a homeless shelter upon being released from jail after he was exonerated. The plaintiff has strived daily to pick up the pieces from the turmoil caused by the defendant's actions.

## Count: 3 MALICIOUS PROSECUTION

51. Each of the paragraphs of this complaint is incorporated as fully stated herein As described more fully above Defendant

Criswell while acting under color of law and within the scope of his employment did act, and proceed with the mentioned investigation ignoring the fact that he lacked probable cause after reading Monson's statement. He was approached by officer Stebbins directly (as stated above) during his investigation and he stated that "it was never mentioned to me" and he testified under oath to being aware of what was said to the plaintiff by Ms. Soto before she made her way toward the plaintiff . The plaintiff Had a undeniable right to be free from arrest by police without a good faith showing of Probable cause.

52. He was fully aware of the actual situation but chose to proceed with arrest, and filing of the mentioned Affidavit causing the plaintiff severe damage, and was totally responsible for all the mentioned Circumstances above. The Plaintiff was deprived of his time he cannot get back sitting in the Denton County Jail.

53. The Plaintiff was innocent of Aggravated Assault. Defendant Criswell was wholly focused on establishing the mentioned charge by any means necessary with reckless disregard for the plaintiff constitutional rights as a U.S citizen and by him going through with arrest was the driving force for the Prosecution to begin. Defendant Criswell was aware of the fact that his conduct violated the Plaintiff's rights and said conduct cannot be classified as being improper.

## COUNT 4: ABUSE OF PROCESS

54. Each of the paragraphs of this complaint is incorporated as fully stated herein. As described more fully above Defendant Criswell while acting under color of law and within the scope of his employment ,did set in motion the unjustified arrest of the plaintiff which led to a unfounded prosecution of him

55. Again Defendant Criswell's only interest was establishing the charge of Aggravated Assault with a deadly weapon and went as

far as manipulating the facts to have him arrested and acquiring jurisdiction of the plaintiff under seal of the court by filing the mentioned Affidavit. The mentioned conduct of Defendant Criswell offends justice by abusing the legal process to forth harm on anyone in the performance of his duties as a police officer.

Wherefore, Plaintiff Aaron L. Turner Sr. respectfully requests this court to enter a judgment in his favor against the defendants' THE CITY OF LEWISVILLE, AND ANTHONY CRISWELL in his individual capacity awarding damages in the amount of 500,000 dollars also any court costs and as well as punitive damages against defendants and any other relief the court deems to be necessary.

## JURY TRIAL DEMAND

Plaintiff Aaron L. Turner Sr. hereby demands a jury trial pursuant to Federal Rule of procedure 38(b) on ALL issues so triable.

RESPECTFULLY SUBMITTED,
AARON L.TURNER SR.

## CERTIFICATE OF SERVICE

I hereby declare that a true and correct copy of the Plaintiff's Original Complaint will be served on the defendant at the Lewisville Police Department by process server or by U.S mail via the Court, on 3/20/18

x *[signature]*