# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANTHONY L. TURNER, SR. §
 §  Civil Action No. 4:19-CV-226
v. §  (Judge Mazzant/Judge Nowak)
 §
ANTHONY CRISWELL §
 §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 6, 2020, the report of the Magistrate Judge (Dkt. #36) was entered containing proposed findings of fact and recommendations that Defendant Andrew Criswell's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Dkt. #25) be granted. Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkt. #38) and Defendant's Response (Dkt. #39), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted as set forth herein.

## RELEVANT BACKGROUND

The background of this case is set out in further detail by the Magistrate Judge and need not be repeated here in its entirety. Plaintiff sued the City of Lewisville and Andrew Criswell,[1] an officer for the City of Lewisville Police Department, on March 25, 2019 (Dkt. #1). Plaintiff claims he brandished a knife while speaking with a CVS employee—Soto—in Lewisville, Texas, out of self-defense. Plaintiff was tried in state court for aggravated assault with a deadly weapon, and a jury found Plaintiff not guilty (Dkt. #19 at pp. 2-3, 8). Plaintiff's Amended Complaint, which

---

[1] Andrew Criswell is improperly referred to as Anthony Criswell throughout the course of this litigation.

solely names Defendant Criswell, asserts a claim under 42 U.S.C. § 1983 for alleged violations of due process and claims under state law for intentional infliction of emotional distress, malicious prosecution, and abuse of process (Dkt. #19 at pp. 9-12). Plaintiff's claims arise out of his belief that Defendant Criswell "knowingly manipulated the facts of the incident while purposefully withholding material exculpatory evidence" in Defendant Criswell's probable cause affidavit (Dkt. #19 at p. 9). Defendant Criswell's amended answer asserted qualified immunity as a defense (Dkt. #21).

On January 6, 2020, the Magistrate Judge entered a report and recommendation, recommending Defendant Criswell's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Dkt. #25) be granted and Plaintiff's claims be dismissed with prejudice (Dkt. #36). Plaintiff raises several objections to the report, including: (1) the report incorrectly stated Kristen Monson's statement was not included in the affidavit (Dkt. #38 at pp. 1, 5-6); (2) the report incorrectly concluded Defendant Criswell is entitled to qualified immunity (Dkt. #38 at pp. 1, 7-10); (3) the report incorrectly concluded self-defense was not established (Dkt. #38 at pp. 1, 7-10); (4) the report incorrectly concluded "Plaintiff's arguments were invalid because they were rejected by the trial court" (Dkt. #38 at pp. 1-2, 11-14); and (5) the Magistrate Judge erred in staying discovery, resulting in Plaintiff being silenced from proving his claims (Dkt. #38 at p. 2).[2] Defendant Criswell filed a Response, urging the Magistrate Judge's report "be adopted in all respects" (Dkt. #39 at p. 3).

---

[2] Plaintiff also objects that the Magistrate Judge's report incorrectly concluded "Plaintiff's arguments were invalid because they were rejected by the trial court" (Dkt. #38 at pp. 1-2, 11-14). As to such objection, Plaintiff cites page nine of the Magistrate Judge's report (Dkt. #38 at p. 11). Page nine merely outlines Defendant Criswell's arguments.

**OBJECTION TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff first objects that the report incorrectly stated Kristen Monson's statement was not included in the affidavit (Dkt. #38 at pp. 1, 5-6). The Magistrate Judge's report stated, "[t]he warrant affidavit, however, did not include the statement of Monson, the store customer who called 9-1-1" (Dkt. #36 at pp. 5-6). This statement is not inaccurate; the affidavit did not include Monson's statement explaining what Soto said to Plaintiff before Plaintiff displayed the knife, which is that Soto was "threatening to come after" Plaintiff, as Plaintiff alleges (*See* Dkt. #36 at p. 4 "Plaintiff alleges the warrant application did not include Monson's statement explaining what Soto said to Plaintiff before Plaintiff displayed the knife . . . ."). The Magistrate Judge's report correctly stated the affidavit did not include Monson's corroborating statement. Plaintiff's first objection is overruled.

Plaintiff's second and third objections consist of Plaintiff restating allegations from his First Amended Complaint and briefing in opposition to the dispositive motion. Plaintiff claims the report incorrectly concluded Defendant Criswell is entitled to qualified immunity and that self-defense was not conclusively established (Dkt. #38 at pp. 1, 7-10). In support, Plaintiff cites *United States v. Goodwin*, 457 U.S. 368 (1982) for the proposition that "to punish a person for what the law plainly allows him to do is a due process violation of the most basic sort" (Dkt. #38 at p. 7).

Underlying each of Plaintiff's objections is his continued assertion that Defendant Criswell was required to include all exculpatory facts, including specifically all facts supporting his claimed

self-defense, within the warrant affidavit. At the pleading stage, an individual defendant official is entitled to qualified immunity "unless [the] plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). A defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it; in other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).

> As it relates to Plaintiff's claimed self-defense, the Magistrate Judge found:
>
> "[T]he Fifth Circuit has expressly declined to address whether evidence of an affirmative defense, such as self-defense, is relevant to a determination of probable cause" . . . . Those circuits which have addressed the question have either (1) concluded that the need to disclose facts supporting affirmative defenses in a warrant application is not "clearly established" for the purposes of qualified immunity . . . ; or (2) expressly rejected any requirement that officers include such facts in a warrant application . . . . An officer has no duty to investigate whether a valid affirmative defense applies . . . . But a police officer, on the other hand, cannot ignore "facts that *conclusively establish* an affirmative defense applies" . . . . Here, the facts available to Defendant Criswell at the time of the arrest did not conclusively establish Plaintiff's affirmative defense of self-defense applies.

(Dkt. #36 at pp. 11-13) (emphasis in original). The undersigned agrees—upon a review of the record, the facts known to Officer Criswell did not conclusively establish an affirmative defense. Defendant Criswell spoke with Soto, who said Plaintiff threatened her and pulled out a knife. Although Defendant Criswell was aware of Plaintiff's version of the events, it cannot be said that Defendant Criswell knew "of facts that conclusively establish that an affirmative defense applies." *See Thomas*, 800 F. Supp. 2d at 836. There is no clearly established law requiring Defendant

4

Criswell to include the allegedly missing facts supporting Plaintiff's claim of self-defense. Plaintiff's objections are overruled.

Plaintiff next objects that Plaintiff's state law claims should not be dismissed (Dkt. #38 at pp. 2, 13-14). Plaintiff claims this Court maintains supplemental jurisdiction over all his state law claims. As to these claims, the Magistrate Judge concluded:

> Plaintiff's initial complaint clearly sought recovery for IIED, malicious prosecution, and abuse of process from both the City and Defendant Criswell. By filing these common law claims against the City, Plaintiff irrevocably elected to pursue those claims against only the City, an election which "immediately and forever bars any suit or recovery by the plaintiff against" Defendant Criswell. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a) . . . . Thus, despite amending his complaint, by operation of statute, Plaintiff has elected to assert his state common law claims against the City; this election eliminates his claims against Defendant Criswell, and the state claims against Defendant Criswell must be dismissed.

(Dkt. #39 at pp. 18-19).

"The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). Moreover, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e). Plaintiff's initial Complaint asserted claims against both the City of Lewisville and Defendant Criswell. Because Plaintiff filed suit against a governmental unit, Plaintiff made an "irrevocable election" to "forever bar[] any suit or recovery" against Defendant Criswell. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a); *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)). Plaintiff's objection is overruled.

Finally, Plaintiff also urges the Magistrate Judge erred in staying discovery, resulting in Plaintiff being silenced from proving his claims (Dkt. #38 at p. 2). The assertion of qualified immunity generally provides for a stay of discovery. *See Goins v. City of Sansom Park*, 637 F. App'x 838, 839 (5th Cir. 2016); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Further, Plaintiff, in his Objections, expressly states that he "is in possession of all statements, CVS video footage, [b]ody camera videos[—]ALL evidence necessary to prove his claims" (Dkt. #38 at p. 3), belying Plaintiff's assertions that he was harmed by the discovery stay. Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #38) and Defendant Criswell's Response (Dkt. #39), the Court adopts the Magistrate Judge's report (Dkt. #36) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** that Defendant Andrew Criswell's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Dkt. #25) is granted, and Plaintiff's claims against Defendant Criswell are hereby **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 10th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE